884 F.2d 578
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ballard BROWN, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 88-4031.
 United States Court of Appeals, Sixth Circuit.
 Aug. 29, 1989.
 
 Before KENNEDY and KRUPANSKY, Circuit Judges, and WENDELL A. MILES, Senior District Judge.[1]
 PER CURIAM.
 
 
 1
 Petitioner, Ballard Brown, appeals the decision of the Benefits Review Board (Board) affirming an administrative law judge's (ALJ's) denial of his claim for black lung disability benefits pursuant to the Black Lung Benefits Act (Act), 30 U.S.C. Sec. 901, et seq. The ALJ found that claimant was entitled to invoke the interim presumption of total disability under 20 C.F.R. Sec. 727.203(a)(1) on the basis of positive X-ray evidence, but concluded that the Director of the Office of Workers' Compensation Programs (Director) successfully rebutted the disability presumption under Secs. 727.203(b)(2) (able to perform usual coal mine work or comparable and gainful work) and (b)(3) (total disability did not arise in whole or in part out of coal mine employment). We hold that substantial evidence supports the ALJ's finding of rebuttal and, accordingly, we affirm.
 
 I.
 
 2
 Ballard Brown was born in 1926 and began working as a coal miner at the age of fourteen. Claimant had 10- 1/4 years of coal mine employment ending in 1953, and was subsequently employed as a factory worker (1953-69), a service station attendant (1969-71) and a construction worker (1972-74). Brown testified that he left construction work due to breathing problems, and was working part-time cleaning cars for a car dealership at the time of the administrative hearing.
 
 
 3
 On July 13, 1973, petitioner filed a claim for benefits under the Act. Following an administrative hearing, the ALJ issued a decision denying benefits on January 28, 1986. The ALJ considered medical evidence consisting of chest X-rays, ventilatory function studies, arterial blood gas tests, and the medical opinions of Drs. Grodner and Odom.
 
 
 4
 The ALJ first determined that Brown was entitled to invoke the interim presumption of total disability under 20 C.F.R. Sec. 727.203(a)(1),[2] on the basis of a May 1980 X-ray which had been read as positive by a B-reader, and negative by a doctor who was not a B-reader.[3] The ventilatory function and blood gas studies yielded non-qualifying results; thus the ALJ rejected invoking the interim presumption under subsections (a)(2) (ventilatory studies) and (a)(3) (blood gas studies).
 
 
 5
 The ALJ also declined to invoke the presumption under subsection (a)(4) (medical opinion establishes presence of a totally disabling respiratory or pulmonary impairment) after crediting the opinion of Dr. Grodner, who examined claimant on May 23, 1980, over that of Dr. Odom, who examined Brown on September 6, 1974. Doctor Grodner stated "no pathological diagnosis" on the Department of Labor's pneumoconiosis evaluation form under the heading "Diagnosis (pertaining to patient's cardiopulmonary system)," and checked the "no" box in response to the question, "In your opinion is the diagnosed condition related to dust exposure in the patient's coal mine employment?" JA 53.
 
 
 6
 Doctor Odom had concluded from his examination that Brown was "[t]otally and permanently disabled for coal mining and work in a dusty environment." JA 49. Dr. Odom based his opinion on a positive X-ray reading, mild impairment in a ventilatory function test, and Brown's complaints of progressive dyspnea, shortness of breath walking 400 feet on level ground or 50 feet uphill, and chest pain radiating to his arms, in addition to the fact that Brown did not smoke.
 
 
 7
 The ALJ resolved the conflicting opinions of Drs. Grodner and Odom on the following basis:
 
 
 8
 The opinions of the two examining physicians of record are obviously in conflict, with Dr. Odom finding a total disability due to pneumoconiosis and Dr. Grodner indicating that there is no pathological diagnosis to be made. In resolving this conflict, it is noted that both Dr. Odom and Dr. Grodner had available the results of physical performance tests in the form of pulmonary function studies and blood gas tests. Both physicians conducted physical examinations. The only medical evidence available to Dr. Odom which apparently was not available to Dr. Grodner was a chest x-ray, which Dr. Odom read as positive. However, it is not considered that a chest x-ray is persuasive evidence to the determination of functional capability, and this additional information is not considered to give Dr. Odom's findings and opinion any greater weight. According to the American Medical Directory (28th Edition 1982), Dr. Grodner is board certified in internal medicine, while Dr. Odom is board certified in family practice. Based upon their areas of expertise, I consider Dr. Grodner to be better qualified to render an opinion as to the existence of a respiratory or pulmonary impairment. In addition, his findings are more consistent with the objective medical tests of record, all of which yielded high values not demonstrative of any disability. Therefore, I credit the opinion of Dr. Grodner over that of Dr. Odom and find that the interim presumption is not invoked under Sec. 727.203(a)(4).
 
 
 9
 JA 13-14.
 
 
 10
 The ALJ next concluded that the Director had successfully rebutted the presumption of disability due to pneumoconiosis under 20 C.F.R. Secs. 727.203(b)(2) and (b)(3). The ALJ based his conclusion on the same considerations he had earlier addressed in rejecting invocation of the presumption under subsection (a)(4), again crediting Dr. Grodner's opinion over that of Dr. Odom. JA 14. As to subsection (b)(2), the ALJ concluded that Dr. Grodner's comment that there was "no pathological diagnosis" to be made was "consistent with the results of all the objective testing in the record." Id. The ALJ then found "that the Director has established that the claimant is not totally disabled from a respiratory or pulmonary standpoint." Regarding subsection (b)(3), the ALJ reiterated this last point, concluding that "any disabling condition which he might have is not the result of coal mine dust exposure...." Id.
 
 
 11
 On appeal, the Benefits Review Board upheld the ALJ's finding of rebuttal under subsection (b)(3) as supported by substantial evidence, and concluded that it was therefore unnecessary to address rebuttal under subsection (b)(2). See Board's Opinion at JA 2 & n. 1.[4] The Board explained that the ALJ "properly gave greater weight to the medical opinion of Dr. Grodner [over that of Dr. Odom] because of his superior qualifications and because his opinion was better supported by the objective tests." JA 1-2. It also explained that, although Dr. Grodner did not consider any X-ray evidence, such evidence merely goes to the presence of pneumoconiosis, and does not measure the degree of impairment. JA 2.
 
 
 12
 Although we do not approve of the practice of checking boxes without further explanation where, as here, the ALJ is able to point to objective evidence which supports the opinion, we cannot say that no substantial evidence supports the ALJ's decision. The finding that Brown is not disabled due to a respiratory condition requires the conclusion that there is no causal relationship between Mr. Brown's condition and his coal mine employment. Thus, the Board did not err in holding that substantial evidence supports the ALJ's finding of rebuttal under (b)(3).
 
 
 13
 Accordingly, the decision of the Benefits Review Board is AFFIRMED.
 
 
 
 [1]
 The Honorable Wendell A. Miles, Senior District Judge for the Western District of Michigan, sitting by designation
 
 
 [2]
 The pertinent text of Sec. 727.203(a) provides:
 (a) Establishing interim presumption. A miner who engaged in coal mine employment for at least 10 years will be presumed to be totally disabled due to pneumoconiosis, or to have been totally disabled due to pneumoconiosis at the time of death, or death will be presumed to be due to pneumoconiosis, arising out of that employment, if one of the following medical requirements is met:
 (1) A chest roentgenogram (X-ray), biopsy, or autopsy establishes the existence of pneumoconiosis ...;
 (2) Ventilatory studies establish the presence of a chronic respiratory or pulmonary disease ... as demonstrated by values which are equal to or less than the values specified....;
 (3) Blood gas studies which demonstrate the presence of an impairment in the transfer of oxygen from the lung alveoli to the blood as indicated by values which are equal to or less than the values specified....;
 (4) Other medical evidence, including the documented opinion of a physician exercising reasoned medical judgment, establishes the presence of a totally disabling respiratory or pulmonary impairment;
 * * *
 
 
 [20]
 C.F.R. Sec. 727.203(a)
 
 
 [3]
 See Lawson v. Secretary of Health & Human Servs., 688 F.2d 436 (6th Cir.1982) (B-reader's diagnosis may be given greater weight by ALJ). A total of three X-rays were considered by the ALJ. The first X-ray, taken in 1973, was read by Dr. Fish as positive for simple pneumoconiosis, but negative by Dr. Gayler, a "B reader" and board certified radiologist. The second x-ray, taken in 1974, was read as positive by Dr. Odom, a Board-certified family practice physician. The third x-ray, taken in 1980, was read as negative by Dr. Friedman, a board certified radiologist, but re-read as positive by Dr. Pitman, a "B reader" and board certified radiologist. The ALJ gave greater weight to the 1980 X-ray in light of the fact that pneumoconiosis is an irreversible and progressive disease, and credited Dr. Pitman's opinion over that of Dr. Friedman because Pitman was a B-reader. The ALJ further noted that doubts raised by conflicting readings should be in favor of the claimant. JA 11-12. The Director does not challenge this finding
 
 
 [4]
 The Board also refused to review the ALJ's declining to consider Brown's claim under 20 C.F.R. Sec. 410.490. The parties do not challenge this refusal, and we wish merely to note that, under our holding in Kyle v. Director, OWCP, 819 F.2d 139 (6th Cir.1987), cert. denied, 109 S.Ct. 566 (1988), adjudication under Sec. 410.490 is only necessary when the 20 C.F.R. Sec. 727.203 regulations are more restrictive in invoking the interim presumption. Kyle does not apply in the context of rebuttal. See Youghiogheny and Ohio Coal Co. v. Milliken, 866 F.2d 195 (6th Cir.1989); Warman v. Pittsburg & Midway Coal Min. Co., 839 F.2d 257, 258 n. 1 (6th Cir.1988)